# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

BERNICE FLAX, ET AL.                                                                    PLAINTIFFS

V.                                                          CIVIL ACTION NO. 2:09CV101-MPM-DAS

QUITMAN COUNTY HOSPITAL, LLC, ET AL.                                           DEFENDANTS

## ORDER

Before the court is Defendant Lisa Cooper's Motion to Strike (# 143). Cooper asks the court to strike the affidavit of Dr. Richard Sobel, which the plaintiffs presented in support of their response to Cooper's September 14, 2010 motion for summary judgment (# 68), because it contained new opinions. The plaintiffs' expert disclosure deadline was March 4, 2010. In accordance with that deadline, on March 4 the plaintiffs disclosed the affidavit of Dr. Sobel. This initial affidavit expressed opinions that Cooper breached the applicable standard of care *if* she had personally observed and evaluated the decedent, Mr. Cordellos Flax, upon his delivery to the Quitman County Hospital on May 3, 2008.[1] Cooper argues that the new opinions expressed in the second affidavit, disclosed for the first time on September 28, 2010, were untimely. Additionally, Cooper argues that the new expert opinions were produced solely to avoid her summary judgment dismissal.

By Order (# 129) dated February 11, 2011, this court resolved Cooper's motion for summary judgment. In that Order, the court determined that the parties were in agreement that "it was actually a different nurse – Melanie Wahlen – who approached the patrol car;" observed the decedent; determined that he was "merely intoxicated;" and told an officer to let him "sleep it off." However, the court concluded that Cooper nonetheless "played a significant role in the handling of the decedent's case" and denied Cooper's motion for summary judgment. Further, the court noted that the plaintiffs had mistakenly identified Cooper as the nurse who evaluated

---

[1]Cooper argues that prior to their expert designation deadline, the plaintiffs knew that a different nurse, Melanie Whalen, personally observed Mr. Flax.

the plaintiff in the parking lot of the hospital and had failed to "respond in a procedurally proper manner once they realized their mistake."[2] Nevertheless, the court granted a continuance of the trial in order to allow the plaintiffs to file an amended complaint and to allow the defendants "additional time to revise their approach to this case."[3] Among other things, the court also allowed the parties an opportunity to revise "their proposed expert testimony." Additionally, following a telephonic status conference with the parties on March 17, 2011, the court entered a new scheduling Order (# 136). Therefore, because the parties have had an opportunity essentially to overhaul their case since submission of the subject expert report, Cooper has suffered no prejudice, and the instant motion is hereby DENIED.[4]

**THIS,** the 1st day of June, 2011.

         **/s/ David A. Sanders**
         **U. S. MAGISTRATE JUDGE**

---

[2] The plaintiffs acknowledged the mistaken identity in their response to the motion for summary judgment but failed to file an amended complaint. The court noted that the plaintiffs' mistake had "compounded itself in the form of a motion for summary judgment filed by Nurse Cooper" which was based largely on the erroneous allegations of the complaint.

[3] The court continued the trial until October 17, 2011. The plaintiffs filed the amended complaint (# 133) on February 25, 2011.

[4] Cooper's second motion for summary judgment (# 147) and supporting memorandum show that she has had ample opportunity to meet any new opinions expressed in Dr. Sobel's second affidavit.